**UNICENTER PROPERTIES, INC., et al., Appellants,**

v.

**TEAS NURSERY COMPANY, INC., Appellee.**

No. C14–86–327–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 2, 1987.

William F. Harmeyer, Houston, for appellants.

Dawn K. Webster, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellee, Teas Nursery Company, Inc., sued appellant, Unicenter Properties, Inc., on September 13, 1982, to recover all sums owing on a written contract for landscaping services performed by Teas on property owned by Unicenter. Teas also sued Unicenter's surety, appellant, Reliance Insurance Company, Inc., to recover on its mechanic's and materialman's bond indemnifying Teas.

Teas filed a motion for summary judgment on November 19, 1982. However, the record does not reflect the trial court ruled on the motion until December 4, 1985. At that date the court orally granted the 1982 motion, having apparently announced at a December 2 "pretrial conference" that it planned to reconsider the November 1982 motion in two days.

At some time after the oral announcement of rendition of summary judgment, Honorable Lynn Hughes, who had been trial court judge at all material times through December 4, 1985, resigned from the bench. He was succeeded by Honorable Richard Millard.

In early January 1986, Judge Millard for some reason requested that a "new" motion for summary judgment be filed to re-place the 1982 motion. Teas filed the new motion on January 10, 1986.

While the record is not clear, there is some indication that the request for the new motion was made only because the original motion for summary judgment had been signed by an attorney no longer representing Teas. However, the new motion for summary judgment contained grounds different from those set forth in the original motion. The parties agree no hearing was held on the new motion. In fact, the order granting summary judgment, signed by Judge Millard on January 30, 1986, recites the motion for summary judgment was heard on December 4, 1985. Therefore, the hearing could only have been on the 1982 motion.

This appeal is taken from the January 30, 1986 order granting summary judgment in favor of appellee Teas against appellants Unicenter and Reliance. We reverse the judgment of the trial court and remand the cause for trial.

Appellants Unicenter and Reliance present five points of error. They assert the trial court erred in granting appellee's motion for summary judgment for the following reasons: (1) Genuine issues of fact exist; (2) appellants were not afforded notice of the summary judgment hearing; (3) the motion was filed after judgment was rendered; (4) the motion failed to state specific grounds; and (5) appellants' counterclaims were disallowed by the court. Because we sustain the first and last points of error, it is unnecessary to address appellants' remaining points.

■ Appellants contend in point of error one that summary judgment was improperly granted because genuine issues of material fact exist. We agree.

Teas filed its motion for summary judgment on November 19, 1982, predicated on a suit on a sworn account filed against Unicenter on September 13, 1982. The motion was based solely on the alleged insufficiency of Unicenter's pleading under Rules 185 and 93(10) of the Texas Rules of Civil Procedure. Teas contended in its motion

for summary judgment that Unicenter did not file a proper sworn denial to its suit on a sworn account.

At the time the summary judgment hearing was held, on December 4, 1985, the only live pleading before the court on behalf of Teas was Plaintiff's Second Amended Original Petition, filed October 27, 1983. However, that petition was not a suit on a sworn account; it was completely unverified. Teas' unverified pleading is a suit on the landscaping contract between Teas and Unicenter. Therefore, the summary judgment could not be based on Teas' sworn account and Unicenter's lack of verified denial. Plaintiff's Second Amended Original Petition and Defendants' Second Amended Answer and Original Counterclaim put all facts in issue, precluding summary judgment. We accordingly sustain appellants' first point of error.

■ Appellants' fifth point of error asserts the trial court erred in disallowing the compulsory counterclaims filed November 13, 1985. An order dated March 6, 1985, and signed by the court states: "The defendants are ordered to assert *all affirmative defenses* before May 7, 1985, or they will be barred." (emphasis added).

Appellants filed their Amended Original Answer on April 23, 1985, prior to the court's May 7, 1985 deadline, asserting the affirmative defense of failure of consideration. Their Second Amended Answer and Original Counterclaim, filed November 13, 1985, contains the identical affirmative defense plus counterclaims. However, the trial court disallowed all counterclaims in its summary judgment order:

> The court further finds that the Second Amended Original Answer and Counterclaim of Defendants UNICENTER PROPERTIES, INC., and RELIANCE INSURANCE COMPANY, INC., was tendered to the Court for filing on November 12, 1985. The Court finds that *such Amended Answer and Counterclaim was not timely tendered due to the March 6, 1985 Order of this Court, that all affirmative defenses of the De-*

*fendants would be barred* if not plead before May 7, 1985. IT IS THEREFORE ORDERED that such Answer and Counterclaim not be filed with the record in this cause. (emphasis added).

We find appellants' fifth point of error is well taken for two reasons: First, appellants had timely asserted the affirmative defense of failure of consideration in their April 23, 1985 Amended Original Answer; and second, by barring all affirmative defenses not asserted by May 7, 1985, the court did not thereby disallow the assertion of compulsory counterclaims. Affirmative defenses obviously differ from counterclaims; the barring of one does not result in the concomitant barring of the other. Tex.R.Civ.P. 94, 97(a). Because the trial court has erroneously disposed of the counterclaims asserted by appellants, we sustain appellants' fifth point of error.

The judgment of the trial court is reversed and the cause remanded for trial.